Timothy T. Brock, Esq.
Abigail Snow, Esq.
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, New York 10169
 (212) 818-9200

*Local Counsel to:*

Barry S. Glaser, Esq.
STECKBAUER WEINHART JAFFE, LLP
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
(213) 229-2868

*Attorneys for Los Angeles County Treasurer
and Tax Collector*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| GRUBB & ELLIS COMPANY, *et al*. | Case No.: 12-10685 (MG) |
| Debtors. | Jointly Administered |

**LOS ANGELES COUNTY TAX COLLECTOR'S (I) LIMITED OBJECTION
TO PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES; AND (II) REQUEST FOR ADEQUATE PROTECTION**

The Los Angeles County Treasurer and Tax Collector (the "County"), by and through its undersigned counsel, hereby files its limited objection to the proposed treatment of its tax claims in connection with the Debtors' Motion for Entry of (I) an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Approving the Form and Manner of Notice, (C) Scheduling an Auction and a Sale Hearing and (D) Approving Procedures for Determining Cure Amounts and (II) an Order Authorizing and Approving the Sale of Substantially All of the Debtors' Assets, dated February 20, 2012 [Docket No. 12] (the "Sale Motion"), and in support thereof states as follows:

1385676_2

**PROCEDURAL BACKGROUND**

1.      On February 20, 2012, Grubb & Ellis Company and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      On that same date, the Debtors filed the Sale Motion seeking to sell substantially all of the Debtors' assets.

3.      On March 7, 2012, the Court entered an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Approving the Stalking Horse Asset Purchase Agreement, (C) Approving the Form and Manner of Notice, (D) Scheduling an Auction and a Sale Hearing and (E) Approving Procedures for Cure Amounts [Docket No. 94] (the "Order").  A copy of the Amended and Restated Asset Purchase Agreement dated March 7, 2012 among BGC Partners, Inc., as Buyer and Grubb & Ellis Company and the Subsidiaries of Grubb & Ellis Company that Are Signatories Hereto as Sellers (the "APA") was attached to the Order.

4.      Pursuant to the Order, objections to the Sale Motion are due on or before 4:00 p.m. March 16, 2012.

**STATEMENT AND LIMITED OBJECTION**

5.      The County has filed secured claims for 2010, 2011, and 2012 ad valorem property taxes totaling $510,481.26 (the "Ad Valorem Taxes").  The Ad Valorem Taxes are secured by first priority liens on the Debtors' real and personal property pursuant to Cal. R. &

Tax. Code § 2191.2.  The County has also filed a secured claim for taxes for which statutory liens exist and liens were recorded, totaling $143,554.23 (the "<u>Secured Tax Claim</u>").[1]

   6.  The priority of tax claims and related liens is determined under applicable non-bankruptcy law.  11 U.S.C. § 506; <u>Butner v. U.S.</u>, 440 U.S. 48, 55 (1979).  Under California law, liens related to the Ad Valorem Taxes "have priority over all other liens on the property, regardless of the time of their creation." Cal. R. & Tax. Code § 2192.1.

   7.  The Debtors propose to sell substantially all of their property free and clear of all liens, claims, and encumbrances. Although it appears that liens for current year taxes which are not yet due and payable are "Permitted Liens" which remain on the property, it appears that all other taxes are "Retained Liabilities" and therefore the liens of the County will attach to the sale proceeds.

   8.  The APA also apportions all real property Taxes,[2] personal property Taxes and similar ad valorem obligations for tax periods which includes, but do not end on, the Closing Date.  For such Apportioned Obligations, the Debtors are responsible for payment of taxes attributable to the period prior to the Closing Date, with the Buyer responsible for that portion of taxes attributable to the period after the Closing Date.  See, APA at Article 6.3(b).

   9.  Of the Ad Valorem Taxes, $299,513.93 is for the Fiscal Year ending June 30, 2013, with the first payment due on November 1, 2012, a date which is anticipated to be well after the Closing Date (as defined in the APA), and it would thus appear to fit within the definition of Permitted Liens.  It appears that portion of the Ad Valorem Taxes which comes within the definition of Retained Liabilities consists of $53,130.95 in unpaid and defaulted tax

---

[1] The County's tax claims also include a claim for $22,952.12 for estimated taxes for the fiscal year ending June 30, 2013, which is entitled to priority under 11 U.S.C. § 507(a)(8), and a claim for $11,362.80 which was described as unsecured, although statutory liens attach "annually as of 12:01 a.m. on the first day of the January preceding the fiscal year for which the taxes are levied" pursuant to Cal. R. & Tax. Code § 2192.

[2] Capitalized terms not defined herein are as defined in the APA.

for the Fiscal Year ending June 30, 2011, and $157,836.38 for the Fiscal Year ending June 30, 2012, for which payment is already past due. All of the Secured Tax Claim appears come within the definition of Retained Liabilities.

10. There is no provision in the APA for the segregation of the County's cash collateral (if any cash proceeds are attributable to the sale of its collateral), the attachment of the County's liens to the cash, nor to prevent this cash collateral from being utilized by the Debtors in the ordinary course or to pay other creditors. Unless and until its claims are paid in full, the County objects to the use of its cash collateral by the Debtors for any purpose.

11. Merely providing that the tax liens attach to the sale proceeds does not adequately protect the liens and claims of the County as required by 11 U.S.C. § 363(e). Absent consent by the County or an order of the Court permitting use of its cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. 11 U.S.C. § 363(c)(4). The Debtors have not filed a motion seeking to use the cash collateral of the County nor has there been notice or a hearing on the use of the County's cash collateral. Accordingly, absent the County's consent, a segregated account must be established from the sale proceeds for the Ad Valorem Taxes and the Secured Tax Claim in order to comply with the requirements of § 363(c)(4). In the alternate, the claims of the County could be paid directly from the sale proceeds at closing, which would stop the accrual of interest on the Ad Valorem Taxes and the Secured Tax Claim pursuant to 11 U.S.C. § 506(b), interest which is currently accruing at the rate of 1.5% per month on those taxes which are already in default. Cal. R. & Tax. Code § 2922; 11 U.S.C. § 511.

12. The APA provides that the Purchase Price is to consist of, *inter alia*, a credit bid of $30,029, 055.70, and a decreasing cash payment depending on when the sale is approved by the Bankruptcy Court, with cash of $15 million being paid if the sale is approved

before March 23, 2012, but no cash if approval is delayed until after April 4, 2012.  See, APA at Article 1.3.  If no cash proceeds are received by the Debtors or the estate to which the County's liens may attach, the sale should not be approved unless and until it is amended to provide adequate protection for the liens and claims of the County.

## CONCLUSION

WHEREFORE, for the reasons stated above, the County respectfully requests that the Sale Motion be denied unless and until provision is made to adequately protect the claims and liens of the County and its interest in the proceeds of a sale of its collateral.

Dated: March 16, 2012
      New York, New York

Respectfully submitted,

SATTERLEE STEPHENS BURKE & BURKE LLP

By:  /s/ Timothy T. Brock
      Timothy T. Brock, Esq.
      Abigail Snow, Esq.
230 Park Avenue, Suite 1130
New York, New York 10169
Tel:  (212) 818-9200
Fax:  (212) 818-9606
Email: tbrock@ssbb.com
       asnow@ssbb.com

*Local Counsel to:*

Barry S. Glaser, Esq.
STECKBAUER WEINHART JAFFE, LLP
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
Tel: (213) 229-2868
Fax: (213) 229-2870
Email: bglaser@swjlaw.com

*Attorneys for Los Angeles County Treasurer and Tax Collector*

-5-

1385676_2