UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
: 
In re: : Chapter 11
:
GRUBB AND ELLIS COMPANY, *et. al.*, : Case No. 12-10685 (MG)
:
Debtors. : (Jointly Administered)
------------------------------------------------------------X

# STIPULATION AND ORDER LIFTING
# THE AUTOMATIC STAY TO PERMIT SHERON
# WILLIAMS TO CONTINUE ACTION IN ORDER TO
# PURSUE CLAIM TO THE EXTENT OF AVAILABLE INSURANCE

**WHEREAS,** on February 20, 2012 (the "Petition Date"), Grubb & Ellis Company and certain of its affiliates and subsidiaries (collectively, the "Debtors" or "Grubb and Ellis") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating and managing their properties as debtors-in-possession; and

**WHEREAS**, prior to the Petition Date, on December 20, 2011, Sheron Williams ("Williams") commenced an action against the Debtors and SMC Investors, LLC, in the Circuit Court of the State of Michigan, Wayne County, Index No. 11-015312, on account of personal injuries allegedly sustained while at one of the properties the Debtors managed (the "Personal Injury Claim"); and

**WHEREAS**, the Debtors maintain commercial general liability insurance that covers claims of the nature asserted in the Claim (the "Insurance Policies"); and

**WHEREAS**, pursuant to the automatic stay provisions in section 362(a) of the Bankruptcy Code, Williams is stayed from the continuation of any action, or to recover on account of the Personal Injury Claim against the Debtors for liabilities that arose prior to the Petition Date; and

**WHEREAS**, in an effort to avoid excessive litigation and to prevent undue delays and costs, the Debtors have agreed to lift the automatic stay for the limited purpose of allowing Williams to pursue the Personal Injury Claim only to the extent of available insurance, upon the terms and conditions set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the Debtors and for Williams (together, the "Parties"), as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this stipulation and order (the "Stipulation").

2. The automatic stay imposed by the Debtors' Chapter 11 cases pursuant to Section 362(a) of the Bankruptcy Code is hereby modified and lifted for the limited purpose of allowing Williams to pursue the Personal Injury Claim solely against applicable insurance.

3. Williams shall limit any recovery on account of the Personal Injury Claim against the Debtors and SMC Investors, LLC (by verdict, settlement or otherwise) only to available insurance proceeds. Conversely, Williams shall have no other rights to seek any recovery, execution or levy against the Debtors or SMC Investors, LLC directly or indirectly, or against any of the Debtors' property and assets.

4. Neither this Stipulation, nor any actions taken pursuant hereto, shall affect the rights of the Debtors or their insurers to assert any defenses to the claims asserted in the prosecution or defense of the Personal Injury Claim or any other action or proceeding other than one to enforce the terms of this Stipulation.

5. Williams waives any and all claims against the Debtors' estates or SMC Investors, LLC on account of the Personal Injury Claim.

6. Each person who executes this Stipulation by or on behalf of the Parties warrants and represents that he has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such party.

7. This Stipulation and Order shall become binding and enforceable upon being "So Ordered" by the Bankruptcy Court.

8. This Stipulation and Order may be signed in counterpart by facsimile signature for purposes of ECF filing.

9. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

Dated: New York, New York
       August 27, 2012

GRUBB AND ELLIS COMPANY, *et al.*,
By Their Counsel
TOGUT, SEGAL & SEGAL LLP

By:   */s/* Frank Oswald
     FRANK OSWALD
     A Member of the Firm
     One Penn Plaza
     New York, New York 10019
     (212) 594-5000

SHERON WILLIAMS,
By Her Counsel
LAW OFFICES OF KELMAN & FANTICH

Dated: Farmington Hills, Michigan
       August 20, 2012

By:   */s/* Brian L. Fantich
     BRIAN L. FANTICH, ESQ.
     30833 Northwestern Hwy
     Suite 100
     Farmington Hills, Michigan 48334
     (248) 855-0111

**SO-ORDERED:**

this 11th day of September, 2012
in New York, New York

         **/s/Martin Glenn**
         MARTIN GLENN
    United States Bankruptcy Judge